**REID COLLINS & TSAI LLP**
Angela J. Somers
R. Adam Swick
Anne M. Bahr
Yonah Jaffe
One Penn Plaza, 49th Floor
New York, New York 10119
Tel.: (212) 344-5200

*Counsel to Taro Awataguchi,*
*Foreign Representative of Tibanne Co., Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| TIBANNE CO., LTD., a/k/a K.K. Tibanne, | Case No. 15- _____ |
| Debtor in a Foreign Proceeding. | |

**MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................. 1
FACTUAL BACKGROUND .................................................................................................. 3
JURISDICTION AND VENUE ............................................................................................... 3
ARGUMENT ............................................................................................................................ 3
    I.     The Japan Proceeding Meets the Requirements for Recognition as a Foreign Proceeding  4
          A.    The Japan Proceeding is a Foreign Proceeding ............................................... 4
          B.    Petitioner is a Foreign Representative ............................................................ 6
          C.    Petitioner Meets the Requirements of Section 1515 ....................................... 7
          D.    Recognition of the Japan Proceeding is Not Manifestly Contrary to
               U.S. Public Policy ............................................................................................ 8
    II.    The Japan Proceeding is a Foreign Main Proceeding ....................................................... 10
          A.    Tibanne's Registered Office and Presumed COMI is in Japan .................... 10
          B.    Factors Demonstrating Tibanne's COMI is Japan ....................................... 11
    III.   In the Alternative, the Japan Proceeding Should be Recognized as a Foreign Nonmain Proceeding .................................................................................................................... 12
    IV.   Mandatory Relief under Section 1520 ......................................................................... 13
    V.    Additional Relief Pursuant to Sections 1521 ............................................................... 14
    CONCLUSION .................................................................................................................. 16

## TABLE OF AUTHORITIES

**Cases**

*Cornfeld v. Investors Overseas Servs., Ltd.*
    471 F. Supp. 1255 (S.D.N.Y. 1979) ............................................................................ 9

*In re ABC Learning Centres*
    445 B.R. 318 (Bankr. D. Del. 2010) ........................................................................... 6

*In re Ashapura Minechem Ltd.*
    No. 11-14668 JMP, 2011 WL 5855475 (Bankr. S.D.N.Y. Nov. 22, 2011) ............. 11

*In re Betcorp Ltd.*
    400 B.R. 266 (Bankr. D. Nev. 2009) .......................................................................... 4

*In re Chiang*
    437 B.R. 397 (Bankr. C.D. Cal. 2010) ..................................................................... 12

*In re Ephedra Prods. Liability Litig.*
    349 B.R. 333 (S.D.N.Y.2006) .................................................................................... 8

*In re Iida*
    377 B.R. 243 (B.A.P. 9th Cir. 2007) .......................................................................... 5

*In re Ionosphere Clubs, Inc.*
    922 F.2d 984 (2d Cir. 1990) ....................................................................................... 9

*In re Japan Airlines Corp.*
    425 B.R. 732 (Bankr. S.D.N.Y. 2010) ....................................................................... 5

*In re Millard*
    501 B.R. 644 (Bankr. S.D.N.Y. 2013) ..................................................................... 11

*In re Qimonda AG*
    482 B.R. 879 (Bankr. E.D. Va. 2012) ...................................................................... 15

*In re SPhinX, Ltd.*
    351 B.R. 103 (Bankr. S.D.N.Y. 2006) ..................................................................... 11

*In re Suntech Power Holdings Co., Ltd.*
    520 B.R. 399 (Bankr. S.D.N.Y. 2014) ..................................................................... 12

*In re Tri-Cont'l Exch.*
    349 B.R. 627 (Bankr. E.D. Cal. 2006) ................................................................. 8, 11

*Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*

714 F.3d 127 (2d Cir. 2013)............................................................................................... 12, 13

**Statutes**

11 U.S.C. § 101(23) ............................................................................................................. 4
11 U.S.C. § 1501 ............................................................................................................. 3, 10
11 U.S.C. § 1502(2) ........................................................................................................... 13
11 U.S.C. § 1502(4) ........................................................................................................... 10
11 U.S.C. § 1506 ................................................................................................................. 8
11 U.S.C. § 1516(c) ........................................................................................................... 11
11 U.S.C. § 1517(a) ......................................................................................................... 4, 8
11 U.S.C. § 1517(a)(1) .................................................................................................. 4, 10
11 U.S.C. § 1517(b)(1) ...................................................................................................... 10
11 U.S.C. § 1517(b)(2) ...................................................................................................... 13
11 U.S.C. § 1520(a) ........................................................................................................... 14
11 U.S.C. § 1520(a)(1) ...................................................................................................... 14
11 U.S.C. § 1521(a) ........................................................................................................... 14
11 U.S.C. § 1521(c) ........................................................................................................... 15
11 U.S.C. § 1522(a) ........................................................................................................... 14
11 U.S.C. § 362 (a) ............................................................................................................ 14
28 U.S.C. § 1334 ................................................................................................................. 3
28 U.S.C. § 1410 ................................................................................................................. 3
28 U.S.C. § 157 ................................................................................................................... 3
28 U.S.C. § 157(b)(2)(P) .................................................................................................... 3

**Other Authorities**

"Guide to Enactment to the UNCITRAL Model Law on Cross-Border Insolvency," U.N. Gen.
   Ass., UNCITRAL 30th Sess., U.N. Doc. AICN.9142 (1997) ....................................... 8
Amended Standing Order of Reference (Preska, C.J.) dated January 31, 2012 ............................ 3

Petitioner Taro Awataguchi ("**Petitioner**"), as foreign representative of Tibanne Co., Ltd., a/k/a K.K. Tibanne ("**Tibanne**") as defined in section 101(24) of title 11 of the United States Code (the "**Bankruptcy Code**"), in a foreign proceeding (the "**Japan Proceeding**"), as defined in Bankruptcy Code section 101(23), respectfully submits this memorandum of law (the "**Memorandum of Law**") in support of the Verified Petition of Foreign Representative Taro Awataguchi in Support of the Application for Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. § 1517 (the "**Verified Petition**") seeking recognition of a foreign main proceeding under chapter 15 of the Bankruptcy Code ("**Chapter 15**") and additional relief (this "**Chapter 15 Case**").

## PRELIMINARY STATEMENT

Petitioner seeks recognition of the Japan Proceeding as a foreign main proceeding as well as other related relief.[1] Under section 1502(4) of the Bankruptcy Code, a foreign main proceeding is defined as a foreign proceeding pending in the country where a debtor has its "center of main interests." Tibanne's center of main interests is in Tokyo, Japan for multiple reasons. First, Tibanne was incorporated in Japan. Second, its registered office is and has always been in Japan, which is presumed to be its center of main interest. Third, Tibanne's principal place of business is in Japan. Fourth, Tibanne has consistently represented to the public that it is a Japanese corporation subject to Japanese law. Fifth, Tibanne's books and records, former management and major creditors are located in Japan as were its employees.

Further, Petitioner as the Japanese bankruptcy trustee, even in the short time since his appointment, has been conducting all of his functions out of Japan. From Tokyo, Japan, Petitioner

---

[1] Petitioner, as foreign representative of Tibanne, has commenced this Chapter 15 Case pursuant to Bankruptcy Code section 1504 by filing the Petition contemporaneously herewith accompanied by all certifications, statements, lists, and documents required by section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

1

has begun to (i) collect and maintain Tibanne's books and records; (ii) coordinate with creditors and investors; (iii) confer with Tibanne's director; (iv) take steps to protect assets, including preparing this Chapter 15 Case; and (v) hire or made efforts to hire various professionals, including Japanese lawyers, to assist with his efforts. Petitioner thus satisfies the requirements for recognition of the Japan Proceeding as a foreign main proceeding, as defined in section 1502(4) of the Bankruptcy Code because the center of main interest—or "COMI"—of Tibanne is clearly in Japan. In fact, no other place could be Tibanne's center of main interest.

Petitioner is entitled to petition this Court directly under section 1509 of the Bankruptcy Code for recognition of the Japan Proceeding. Chapter 15 of the Bankruptcy Code authorizes this Court to: (i) recognize a "foreign proceeding," as defined under section 101(23) of the Bankruptcy Code, upon the proper commencement of a case under Chapter 15 by a "foreign representative," as defined under section 101(24) of the Bankruptcy Code; and (ii) grant assistance in the United States to such foreign representative in connection with the foreign proceeding, including the grant of relief pursuant to section 1521 of the Bankruptcy Code. Petitioner has also met the requirements of Sections 1515 and 1517 of the Bankruptcy Code.[2] Courts have routinely granted the relief sought in this proceeding in similar circumstances.

Petitioner seeks recognition of the Japan Proceeding in order to stay the U.S. Actions[3] against Tibanne, and to protect its assets. Tibanne does not currently have the funds to pay for its defense or to pursue counterclaims in these actions. At this time, it is also uncertain whether Tibanne will be able to liquidate its limited assets, and the extent of value that will be derived from such liquidation. Thus, even if a judgment in the U.S. Actions were to be rendered, it is uncertain

---

[2] Tibanne has at least one asset in the United States, and thus, to the extent section 109 of the Bankruptcy Code is applicable, Tibanne meets that requirement.

[3] All terms used and not defined herein shall be given the meaning set forth in the Verified Petition.

what small part of it could be satisfied. Further, whatever value exists should be shared among creditors to avoid the piecemeal disposition or degradation of assets that would undermine the Japan Proceeding. By centralizing claims administration, Petitioner can promote equal distribution among creditors.

Moreover, recognition of the Japan Proceeding as a foreign main proceeding is not contrary to the public policy of the United States. Rather, recognition would further the goals of Chapter 15 by ensuring that the Tokyo Court continues to be the forum supervising Tibanne's liquidation so as to enhance claim and asset recovery.

## FACTUAL BACKGROUND

The Court is respectfully referred to the Verified Petition, the Declaration of Taro Awataguchi (the "**Awataguchi Declaration**"), which set forth the relevant facts in detail and are incorporated by reference as if fully set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference (Preska, C.J.) dated January 31, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P).  Venue is proper pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are sections 108, 1504, 1507, 1509, 1515, 1516, 1517, 1520, and 1521 of the Bankruptcy Code and Bankruptcy Rule 1007.

## ARGUMENT

The requirements for recognition of a foreign proceeding are set forth in section 1517(a) of the Bankruptcy Code, as follows:

> after notice and a hearing, an order recognizing a foreign proceeding shall be entered if—

3

>  (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;
>
>  (2) the foreign representative applying for recognition is a person or body; and
>
>  (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a).

As detailed below, Petitioner meets all of the requirements of section 1517(a). This Court should therefore recognize the Japan Proceeding as a foreign main proceeding and provide the related relief requested in the Verified Petition.

**I.  The Japan Proceeding Meets the Requirements for Recognition as a Foreign Proceeding**

  **A.  The Japan Proceeding is a Foreign Proceeding**

The threshold requirement for recognition of a proceeding under section 1517(a) of the Bankruptcy Code is that it must constitute a "foreign proceeding." *See* 11 U.S.C. § 1517(a)(1); *In re Betcorp Ltd.*, 400 B.R. 266, 275 (Bankr. D. Nev. 2009) ("As a preliminary matter . . . the court must determine whether [the debtor's] winding up is a 'foreign proceeding' within the meaning of 11 U.S.C. § 101(23).").

Section 101(23) defines a "foreign proceeding" as:

>  a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

There is ample authority for the proposition that insolvency proceedings in Japan—like the Japan Proceeding—are "foreign proceedings." *See, e.g.*, *In re Japan Airlines Corp.*, 425 B.R. 732

(Bankr. S.D.N.Y. 2010) (granting recognition of proceeding before Tokyo District Court as a foreign main proceeding); *In re Iida*, 377 B.R. 243, 251 (B.A.P. 9th Cir. 2007) (parties conceded that Japanese proceeding was foreign main proceeding).

The Japanese Bankruptcy Act is an insolvency law. The key insolvency procedures of the Japanese Law include liquidation, creditor arrangement, and distribution. *See* Awataguchi Declaration at ¶¶ 25-33. As set forth in Article 1 of the Bankruptcy Act, the purpose of a Japanese bankruptcy proceeding under the Bankruptcy Act is to appropriately coordinate the interests of creditors and other interested persons with the aim of ensuring a proper and fair liquidation of the debtor's property. Under Article 34(1) of the Bankruptcy Act, upon the issuance of a commencement order, a bankruptcy estate is created which includes all property held by the debtor at the time of the commencement of the bankruptcy proceedings, whether located inside or outside of Japan. In addition, at that time, any pending lawsuits relating to the bankruptcy estate in which the debtor is a party are immediately stayed. Following the issuance of a commencement order, the Bankruptcy Act provides procedures by which the bankruptcy trustee may gather and liquidate assets, consider proofs of claim filed by creditors, and ultimately make distributions. The distributions are made to creditors in accordance with the priority scheme set forth in the Bankruptcy Act and on a pro rata basis in proportion to the amount of the respective claim.

Second, the Japan Proceeding is a judicial liquidation proceeding in which the assets and affairs of the debtor are subject to control or supervision of a foreign court. *Id.* at ¶¶ 7, 28. Under Article 75 of the Bankruptcy Act, a bankruptcy trustee is under the direct supervision of the Tokyo Court. *Id.*

Third, the Japanese Proceeding is a collective proceeding. "A collective proceeding is one that considers the rights and obligations of all creditors." *In re ABC Learning Centres*, 445 B.R.

5

318, 328 (Bankr. D. Del. 2010) (quoting *In re Betcorp.*, 400 B.R. at 281). The Japan Proceeding is a collective proceeding because it is being conducted for the benefit of Tibanne's creditors, and not just a single creditor. *See* Awataguchi Declaration ¶¶ 26-33.

Accordingly, the Japan Proceeding is a foreign proceeding because all of the requirements of section 101(23) have been met.

### B.    Petitioner is a Foreign Representative

Petitioner is a foreign representative under section 101(24) of the Bankruptcy Code, which defines a "foreign representative" as a "person or body . . . authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

Petitioner is duly authorized to act as the foreign representatives in this Chapter 15 Case. Pursuant to the commencement order, Petitioner was appointed by the Twentieth Civil Division of Tokyo District Court and is duly authorized to act as the bankruptcy trustee of Tibanne. *See* Ex. A to Verified Petition; Awataguchi Declaration, ¶ 5, 18. The Bankruptcy Act, the commencement order and further subsequent orders authorize Petitioner to exercise a broad range of powers. *See* Ex. A to Verified Petition; Awataguchi Declaration, Ex. A and ¶¶ 27-33. These powers include, but are not limited to, carrying on Tibanne's liquidation, administrating, and disposing of estate property, seeking recognition of Petitioner's appointment in foreign courts, making distributions to creditors, and dealing with issues relating to the assets and winding up of Tibanne. *Id.*

Moreover, Petitioner has been actively exercising his powers. Since Petitioner's appointment in Japan, he has begun to (i) collect and maintain Tibanne's books and records; (ii) coordinate with creditors and investors; (iii) confer with Tibanne's director; (iv) take steps to protect assets, including preparing this Chapter 15 Case; and (v) hire or made efforts to hire various

6

professionals, including Japanese lawyers, to assist with his efforts. Awataguchi Declaration, ¶¶ 7, 9, 18, 19, and 23.

Petitioner thus falls squarely into the definition of "foreign representative" within the meaning of section 101(24).

      C.      **Petitioner Meets the Requirements of Section 1515**

Recognition of a foreign proceeding under Bankruptcy Code 1517(a) requires that the petition meet section 1515's requirements. Petitioner's Verified Petition meets these requirements.

Section 1515(b) requires a foreign representative to file a certified copy of the decision commencing the foreign proceeding and appointing the foreign representative. Here, the Verified Petition is accompanied by certified copies of the Appointment Orders that detail the Japan Proceeding and appointment of Petitioner as bankruptcy trustee of Tibanne. *See* Ex. A to Verified Petition.

Section 1515(c) provides that a foreign representative must file a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative. The Statement of Foreign Representatives Pursuant to 11 U.S.C. § 1515(c), annexed to the Verified Petition as Exhibit C, establishes that the Japan Proceeding is the only foreign proceeding with respect to Tibanne that are currently known to Petitioner.

In addition, Petitioner has filed a list containing the names and addresses of all persons or bodies authorized to administer the foreign proceedings of Tibanne and all parties to litigation pending in the United States in which Tibanne is a party, as required by Bankruptcy Rule 1007(a)(4)(B). *See* Ex. D to Verified Petition. Petitioner has also filed a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1, as required by

Bankruptcy Rule 1007(a)(4)(A). *See id.* Further, Petitioner filed a verification pursuant to 28 U.S.C. § 1746 regarding the Verified Petition annexed thereto as Ex. E.

Accordingly, Petitioner has met all of the requirements of section 1515 and the Bankruptcy Rules.

### D. Recognition of the Japan Proceeding is Not Manifestly Contrary to U.S. Public Policy

The final requirement for recognition under section 1517(a) is that the relief sought not be "manifestly contrary to the public policy of the United States." *See* 11 U.S.C. § 1517(a) (providing that the entry of an order recognizing a foreign proceeding is "subject to section 1506" of the Bankruptcy Code). Section 1506 provides that nothing in Chapter 15 prevents the court from refusing to take an action otherwise required by Chapter 15 if such action would be "manifestly contrary" to the public policy of the United States. 11 U.S.C. § 1506. Congress intended the "manifestly contrary" exception in section 1506 to be narrowly construed. *See In re Tri-Cont'l Exch.*, 349 B.R. 627, 638 (Bankr. E.D. Cal. 2006) ("The word 'manifestly' in international usage restricts the public policy exception to the most fundamental policies of the United States … [Its purpose] … is to emphasize that [the] public policy exception should be interpreted restrictively and that [provision] is only intended to be invoked under exceptional circumstances concerning matters of fundamental importance for the enacting State.") (citing the "Guide to Enactment to the UNCITRAL Model Law on Cross-Border Insolvency," U.N. Gen. Ass., UNCITRAL 30th Sess., U.N. Doc. AICN.9142 (1997)); *see also In re Ephedra Prods. Liability Litig.*, 349 B.R. 333, 336 (S.D.N.Y.2006) ("The word 'manifestly' in international usage restricts the public policy exception to the most fundamental policies of the United States.").

Far from being manifestly contrary to United States public policy, the relief requested by Petitioner is consistent with the public policy of the United States and, more specifically, with the

8

policies behind both Chapter 15 and the Bankruptcy Code in general. One of the fundamental goals of the Bankruptcy Code is to centralize disputes involving a debtor. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990) ("The Bankruptcy Code provides for centralized jurisdiction and administration of the debtor, its estate and its reorganization in the Bankruptcy Court …") (internal citations omitted); *Cornfeld v. Investors Overseas Servs., Ltd.*, 471 F. Supp. 1255, 1259 (S.D.N.Y. 1979) (noting that "the firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction."). Granting recognition of the Japan Proceeding is entirely consistent with this policy goal.

Recognition of the Japan Proceeding would promote fairness and efficiency. The Japan Proceeding provides for a centralized process to assert and resolve claims against Tibanne's estate, and ultimately, to make distributions to Tibanne's creditors. Recognition of the Japan Proceeding would thus avoid the piecemeal disposition or degradation of assets. Accordingly, the grant of recognition in this case will assist Tibanne under the supervision of the Tokyo Court. This result is entirely consistent with the public policy of the United States.

Furthermore, recognition of the Japan Proceeding will be consistent with the purpose of Chapter 15. Section 1501 provides, in pertinent part:

> The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of-
>
> (1) cooperation between- … (B) the courts and other competent authorities of foreign countries involved in cross-border insolvency cases;
>
> * * *
>
> (3) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor;
>
> (4) protection and maximization of the value of the debtor's assets.

9

11 U.S.C. § 1501.

Recognition of the Japan Proceeding will foster cooperation between the Japan Court and courts of the United States. It will also lead to the efficient administration of Tibanne. Further, recognition will enhance the value of Tibanne for the benefit of all creditors, and will prevent the piecemeal and unfair liquidation of Tibanne's assets for satisfaction of particular creditor claims. By granting recognition of the Japan Proceeding, and staying the U.S. Actions, this Court can assist the Tokyo Court in the liquidation of Tibanne and the resolution of the claims of Tibanne's creditors.

Thus, the grant of recognition of the Japan Proceeding promotes the public policy of the United States and furthers the objectives of Chapter 15.

### II.    The Japan Proceeding is a Foreign Main Proceeding

A foreign proceeding may be recognized as either (1) a "foreign main proceeding" or (2) a "foreign nonmain proceeding," within the meaning of section 1502. 11 U.S.C. § 1517(a)(1). A "foreign main proceeding" is defined as "a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4). When a foreign proceeding is pending in the country in which the debtor has its "center of main interests" or "COMI," then such proceeding *must* be recognized as a foreign main proceeding. 11 U.S.C. § 1517(b)(1). Here, the facts presented by Petitioner supports a finding that Tibanne's COMI is Japan, and thus the Japan Proceeding is a foreign main proceeding.

####    A.    Tibanne's Registered Office and Presumed COMI is in Japan

Although the Bankruptcy Code does not define "center of main interests," it does set forth an explicit statutory presumption that, "[i]n the absence of evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests." 11 U.S.C.

10

§ 1516(c); *In re Tri-Cont'l Exch.*, 349 B.R. at 634 ("In effect, the registered office . . . is evidence that is probative for, 'center of main interests.'"). Tibanne's registered office is and has always been in Japan. Awataguchi Declaration ¶ 10. Thus, absent evidence to the contrary, the rebuttable presumption set forth in section 1516(c) establishes that the center of main interests of Tibanne is Japan. As a result, in accordance with section 1517(b), Japan is Tibanne's center of main interests.

### B.    Factors Demonstrating Tibanne's COMI is Japan

Where further inquiry is required to establish a foreign debtor's COMI, the United States Bankruptcy Court for the Southern District of New York has developed a previously widely adopted list of COMI factors—warning, however, against mechanical application:

> the location of the debtor's headquarters; the location of those who actually manage the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes.

*In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006); *see also In re Ashapura Minechem Ltd.*, No. 11-14668 JMP, 2011 WL 5855475, at *1 (Bankr. S.D.N.Y. Nov. 22, 2011), *aff'd*, 480 B.R. 129 (S.D.N.Y. 2012) (there is no controversy that India is the COMI for a company incorporated in India and with its registered office and principal assets there); *In re Millard*, 501 B.R. 644, 650 n.10 (Bankr. S.D.N.Y. 2013) ("Unlike other cases in which … foreign debtors' businesses were organized under the law of the Cayman Islands but their assets or principal places of business were located elsewhere, COMI is not an issue" where individual debtors had lived in the Cayman Islands for 20 years prior to the filing).

Factors favoring COMI in Japan exist here. First, Tibanne was incorporated in Japan. Awataguchi Declaration, ¶ 10. Second, its registered office is and has always been in Japan, which is presumed to be its center of main interest. *Id.*, ¶¶ 10, 20. Third, Tibanne's principal place of business is in Japan. *Id.* Fourth, Tibanne has consistently represented to the public that it is a

Japanese corporation subject to Japanese law. *Id.* Fifth, Tibanne's books and records and major creditors are located in Japan as were its employees. *Id.,* ¶¶ 20-23. Mark Karpeles, who managed Tibanne, is also located in Japan as he works and resides there. *Id.,* ¶¶ 10, 11.

Finally, Petitioner as the Japanese bankruptcy trustee, even in the short time since his appointment, has been conducting all his functions out of Japan. From Tokyo, Japan, Petitioner has begun to (i) collect and maintain Tibanne's books and records; (ii) coordinate with creditors and investors; (iii) confer with Tibanne's director; (iv) take steps to protect assets, including preparing this Chapter 15 Case; and (v) hire or made efforts to hire various professionals, including Japanese lawyers, to assist with his efforts. Awataguchi Declaration, ¶¶ 7, 9, 18, 19, and 23; *See Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 137-138 (2d Cir. 2013) (courts should focus on "any relevant activities, including liquidation activities and administrative functions," that demonstrate the "place where the debtor conducts the administration of his interests on a regular basis and is therefore ascertainable by third parties"); *In re Chiang*, 437 B.R. 397, 403 (Bankr. C.D. Cal. 2010) (indicating "the location of the COMI is an objective determination based on the viewpoint of third parties (usually creditors)."). *See also In re Suntech Power Holdings Co., Ltd.*, 520 B.R. 399, 416 (Bankr. S.D.N.Y. 2014) (extending rule from Fairfield Sentry, finding that COMI was based on the joint provisional liquidators' supervision, control, and decision-making functions from the Cayman Islands).

Here, both Tibanne's pre and post Japan Proceeding activities were centered in Japan. For the foregoing reasons, the COMI of Tibanne is in Japan.

### III. In the Alternative, the Japan Proceeding Should be Recognized as a Foreign Nonmain Proceeding

Even if this Court does not recognize the Japan Proceeding as a foreign main proceeding, the Court should nonetheless recognize it as a "foreign nonmain proceeding" under section

12

1517(b), which provides that a foreign proceeding shall be recognized as a foreign nonmain proceeding if it is pending in a country where the debtor has an establishment. 11 U.S.C. § 1517(b)(2). Section 1502 defines an "establishment" as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2).

"Nontransitory economic activity" is not defined in the Bankruptcy Code but has been interpreted to mean a "local place of business" or a place where a debtor has a "minimal level of organization" above a "purely occasional place of operations." *See In re Millennium Global Emerging Credit Master Fund Ltd.*, 458 B.R. at 84–85; *In re British Am. Ins. Co. Ltd.*, 425 B.R. at 914–15. "Whether the debtor has an 'establishment' in a country must be determined at the time of the filing of the chapter 15 petition." *In re British Am. Ins. Co. Ltd.*, 425 B.R. at 915; *cf. In re Fairfield Sentry, Ltd.*, 714 F.3d 127, 133 (2d Cir. 2013).

Under any definition, Tibanne indisputably has an establishment in Japan based on the facts described above and set forth in the accompanying the Awataguchi Declaration. The daily economic activity relating to Tibanne is being carried out in Japan. *See* Awataguchi Declaration ¶¶ 20, 22-23. Thus, at a minimum, the Japan Proceeding must be recognized as a foreign nonmain proceeding.

IV.   **Mandatory Relief under Section 1520**

Upon recognition of the Japan Proceeding as foreign main proceeding, the Petitioner is automatically entitled to certain relief under section 1520(a). Section 1520(a) provides that, upon recognition of a foreign main proceeding:

13

>   (1)   sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;
>
>   (2)   sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;
>
>   (3)   unless the court orders otherwise, the foreign representatives may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and
>
>   (4)   section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States.

11 U.S.C. § 1520(a).

As these benefits flow automatically from the recognition of the Japan Proceeding as a foreign main proceeding, Petitioner respectfully submits that no further showing is required, including without limitation, with respect to the benefits of the automatic stay provided for in section 362 of the Bankruptcy Code. *See* 11 U.S.C. § 1520(a)(1); *see also* 11 U.S.C. § 362 (a) (providing for an automatic stay of proceedings against the debtor and property of the estate).

V.   **Additional Relief Pursuant to Sections 1521**

Upon recognition of the Japan Proceeding, either as a foreign main or foreign nonmain proceeding, this Court is empowered to grant "any appropriate relief" necessary to effectuate Chapter 15's purpose and to protect Tibanne's assets or the interests of its creditors. *See* 11 U.S.C. § 1521(a). Relief under section 1521(a) is available so long as the interests of the creditors and other interested entities, including the debtor and interested parties located outside of the United States, are sufficiently protected. 11 U.S.C. § 1522(a). Even if this Court were to recognize the Japan Proceeding as a foreign nonmain proceeding (rather than as foreign main proceeding), section 1521 relief is available where the Court is "satisfied that the relief relates to assets that,

14

under the laws of the United States, should be administered in the foreign nonmain proceeding or concerns information required in that proceeding." 11 U.S.C. § 1521(c).

Petitioner requests an order granting additional relief under section 1521 in the event the Japan Proceeding is recognized as a foreign nonmain proceeding. This additional relief is also necessary to supplement the automatic stay provided by section 1520 of the Bankruptcy Code even if this Court finds that main proceeding status is appropriate. Specifically, Petitioner requests an order:

- staying the commencement or continuation of actions and proceedings concerning Tibanne's assets and proceeds thereof within the territorial jurisdiction of the United States, rights, obligations or liabilities;

- staying execution against Tibanne's assets and proceeds thereof within the territorial jurisdiction of the United States; and

11 U.S.C. § 1521(a)(1) and (2). An additional stay concerning actions or executions against the debtor's assets is needed "to the extent they have not been stayed under section 1520(a)." 11 U.S.C. § 1521(a)(1) and (2). Though Petitioner believes all actions should be stayed pursuant to section 1520(a), to the extent foreign law and the law of the United States, read together, create confusion or conflict (such as by the lack of an "estate" in chapter 15 or by application of foreign enforcement law) and thereby limit the application of section 362, Petitioner also seeks additional relief. *See In re Qimonda AG*, 482 B.R. 879, 893 (Bankr. E.D. Va. 2012) (finding that act to exercise control over chapter 15 debtor's property would violate section 362(a)(3), but alternatively enjoining act to exercise control over property of the debtor under section 1521(a)(1) "to the extent that Section 362(a)(3) may not apply … because no estate is created" under chapter 15). Such relief is needed in particular to vacate the TROs and prevent the taking of similar action against Tibanne in the U.S. Actions. *See, e.g.*, *In re British Am. Ins. Co. Ltd.*, 488 B.R. 205, 225 (Bankr. S.D. Fla. 2013)

("the foreign representative may seek a stay of litigation against the debtor under section 1521(a)(1), to the extent not already stayed under sections 1520(a)(1) and 362").

## CONCLUSION

WHEREFORE, Petitioner respectfully requests that this Court enter orders: (i) recognizing the Japan Proceeding as a foreign main proceeding, or alternatively as a foreign nonmain proceeding, (ii) granting additional relief upon recognition; and (iii) granting such other and further relief as may be just and proper.

Dated: February 3, 2015
New York, New York

REID COLLINS & TSAI LLP

 / *Angela J. Somers*
Angela J. Somers
R. Adam Swick
Anne M. Bahr
Yonah Jaffe
One Penn Plaza, 49th Floor
New York, New York 10119
Tel.: (212) 344-5200
Fax: (212) 344-5299

*Counsel to Taro Awataguchi as Foreign Representative of Tibanne, Co. Ltd. a/k/a K.K. Tibanne*

16