UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TIBANNE CO., LTD., a/k/a K.K. Tibanne<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 15-10255 (REG) |

### *SUPERSEDING* ORDER GRANTING PROVISIONAL RELIEF AND ESTABLISHING PROCEDURES FOR NOTICE AND HEARING ON RECOGNITION

Petitioner Taro Awataguchi ("**Petitioner**"), is the duly appointed bankruptcy trustee of Tibanne Co., Ltd., a/k/a K.K. Tibanne ("**Tibanne**"), a debtor in a foreign proceeding (the "**Japan Proceeding**"), as defined in section 101(23) of title 11 of the United States Code (the "**Bankruptcy Code**"), pending before the Twentieth Civil Division of Tokyo District Court, Japan (the "**Tokyo Court**"). Petitioner, through his attorneys, Reid Collins & Tsai LLP, filed, pursuant to sections 105(a) and 1519 of the Bankruptcy Code, (i) an Ex Parte Application for Provisional Relief Pending Recognition of a Foreign Main Procedding (the "**Application**"), (ii) the Verified Petition of Foreign Representative Taro Awataguchi in Support of Application for Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. § 1517 (the "**Verified Petition**") and supporting documents, (iii) the Declaration of Taro Awataguchi with all exhibits thereto, and (iv) the Memorandum of Law in Support of Verified Petition. ((i)-(iv) and supporting documents the "**Moving Documents**"). Based on the Moving Documents, and all necessary parties having been duly served with the Notice of Presentment of this Order, and no objection having been filed, and the Court having determined that no further notice is necessary, the Court finds and concludes that a showing has been made as follows:

1

(a)     Petitioner has demonstrated a likelihood of success that Petitioner will be able to demonstrate that the Japan Proceeding is a foreign main proceeding pursuant to section 1517 of Chapter 15 of the Bankruptcy Code, that Petitioner is Tibanne's duly appointed foreign representative pursuant to section 101(23) and 1502(4) of the Bankruptcy Code, and that Tibanne and Petitioner, in his capacity as foreign representative of Tibanne, are entitled to protections afforded by sections 1520 and 1521 of the Bankruptcy Code, and that;

(b)     The commencement or continuation of any action or proceeding, specifically including the U.S. Actions as defined in the Application, in the United States against Tibanne or any of its assets or proceeds thereof within the territorial jurisdiction of the United States should be temporarily and provisionally, to the extent provided herein, enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code and Fed. R. Bankr. P. 7065(b) to permit the expeditious and economical administration of Tibanne's foreign estate in the Japan Proceeding and the relief requested will not cause either an undue hardship or that any hardship to parties in interest that is not outweighed by the benefits;

(c)     Unless Provisional Relief is granted, it appears to the Court that there is a material risk that Petitioner and Tibanne will suffer further cognizable injury by (i) the costly ongoing U.S. Actions; (ii) a potential default judgment in the Washington Action; and (iii) the potential for Tibanne's assets to be subject to attack by creditors in the U.S., thereby interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, and interfering and causing harm to the Petitioners' efforts to liquidate Tibanne's assets in accordance with

2

    the Japan Proceeding, and undermining Petitioner's efforts to achieve an equitable result for the benefit of all of the Company's creditors; and

(d) The interest of the public will be served by this Court's granting of the relief requested by Petitioner;

(e) Petitioner, as Tibanne's foreign representative, is provisionally entitled to the protections and rights afforded pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code, to the extent provided herein; and

(f) Venue is proper in this District pursuant to 28 U.S.C. § 1410;

**NOW THEREFORE, IT IS HEREBY**

  **ORDERED**, that this Order supersedes the order entered by this Court in this Proceeding on February 4, 2015, other then (i) the findings and conclusions set forth prior to the decretal paragraphs contained therein, and (ii) the second through eighth decetal paragraphs therein relating to the granting of the temporary restraining order; and it is further

  **ORDERED**, that beginning on the date of this Order and continuing through the date the Court enters a final order for recognition of the Japan Proceeding as a foreign main proceeding pursuant to 11 U.S.C. §1517 and for the requested relief all persons and entities are:

(a) enjoined from continuing the U.S. Actions, which shall be stayed, and commencing or continuing any other action in the United States against Tibanne or its assets or proceeds thereof located within the territorial jurisdiction of the United States;

(b) enjoined from enforcing any judicial, quasi-judicial, administrative, or regulatory judgment, assessment, or order, or arbitration award against Tibanne or its assets located within the territorial jurisdiction of the United States;

3

(c) commencing or continuing any action to create, perfect, or enforce any lien, set-off, or other claim against Tibanne or against any of its property (these subparagraphs (a), (b), and (c) constituting the "**Provisional Relief**"); and it is further

**ORDERED**, that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

**ORDERED**, that in accordance with Bankruptcy Rule 2002(q), a hearing on recognition (the "**Recognition Hearing**") shall be held before the Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on March 18, 2014 at 9:45 a.m. prevailing New York time, or as soon thereafter as counsel may be heard; and it is further

**ORDERED**, that objections or answers, if any, to the relief requested in the Verified Petition must be (i) filed with the Bankruptcy Court with proof of service to be received by 5:00 p.m. (Eastern time) on the date that is no less than seven days prior to the Recognition Hearing; (ii) in writing; (iii) state the name and address of the responding party and nature of the claim or interest of such party; (iv) state with particularity the legal and factual bases of any response; (v) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and this Court's Administrative Order 399; and (vi) be served on (a) Petitioner's counsel at Reid Collins & Tsai LLP, One Penn Plaza, 49th Floor, New York, NY 10119 (Attention: Angela J. Somers), (b) all parties who have filed notices of appearance in this case, and (c) the United States Trustee, to be received on or before 5:00 p.m. (Eastern time) on the date that is no less than seven days prior to the Recognition Hearing; it is further

4

**ORDERED**, that in the event any responses or objections are timely filed to the relief requested in the Verified Petition, Petitioner may file a reply to such responses or objections by 5:00 p.m. (Eastern time) on the day two days prior to the Recognition Hearing.

**ORDERED**, that the Provisional Relief shall remain in effect pending recognition as a foreign main proceeding and entry of a final order on Petitioner's Verified Petition; and it is further.

**ORDERED**, that (i) copies of this Order, and notice of the Recognition Hearing, substantially in the form of **Exhibit 1** attached hereto, shall be served upon (a) parties, through their counsel, to the U.S. Actions, (b) Tibanne's known creditors; (c) the U.S. Trustee; and (d) any party who filed a notice of appearance in this case: by United States mail, first class postage prepaid or by courier or by email within three (3) business days following the time any such party is identified by Petitioner, and (ii) such notice on the Notice Parties shall be deemed to comply with Rule 2002(q), and (iii) that that the notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable or are hereby waived, and (iv) that the requirement pertaining to service and summons specified in Bankruptcy Rule 1010 is hereby waived to the extent applicable; and it is further

**ORDERED**, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

**ORDERED**, that the Order and Moving Documents shall also be made available by Petitioner upon request at the offices of Reid Collins & Tsai LLP (c/o Angela J. Somers), One Penn Plaza, 49th Floor, New York, New York 10119.

Dated: New York, New York
      February 13, 2015                  *s/ Robert E. Gerber*
                                               United States Bankruptcy Judge

EXHIBIT 1 – Form of Notice

**REID COLLINS & TSAI LLP**
Angela J. Somers
R. Adam Swick
Anne M. Bahr
Yonah Jaffe
One Penn Plaza, 49th Floor
New York, New York 10119
Tel.: (212) 344-5200

*Counsel to Taro Awataguchi,*
*Foreign Representative of Tibanne Co., Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> TIBANNE CO., LTD., a/k/a K.K. Tibanne, <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 15-10255 (REG) |

   **PLEASE TAKE NOTICE** that, on February 3, 2015, Petitioner Taro Awataguchi ("**Petitioner**"), as the bankruptcy trustee of Tibanne Co., Ltd., a/k/a K.K. Tibanne ("**Tibanne**") and as a foreign representative, filed (a) the Official Form B1 Chapter 15 petition commencing this Chapter 15 case; (b) the Verified Petition[1] of Foreign Representative along with the exhibits thereto; (c) the Declaration of Taro Awataguchi along with all exhibits thereto; and (d) the Memorandum of Law in Support of Verified Petition (collectively, the "**Chapter 15 Documents**").

   **PLEASE TAKE FURTHER NOTICE** that copies of the Chapter 15 Documents are available on the Bankruptcy Court's electronic case filing system, which can be accessed from the Bankruptcy Court's website at http://www.nysb.uscourts.gov/ (a PACER login and password

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Verified Petition.

1

EXHIBIT 1 – Form of Notice

are required to retrieve the documents) or upon written request to Petitioner's United States counsel at the address below:

> Reid Collins & Tsai LLP
> One Penn Plaza, 49th Floor
> New York, New York 10119
> Attention: Anne Bahr
> abahr@rctlegal.com

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order Granting Provisional Relief and Establishing Procedures for Notice and Hearing on Recognition, dated February __, 2015, the Bankruptcy Court has scheduled a hearing to be held in the Bankruptcy Court, on March __, 2015 at _____ _.m. prevailing New York time (the "**Recognition Hearing**") to consider the relief requested in the Verified Petition, as set forth in the proposed Order Granting Recognition (the "**Recognition Order**") annexed to the Verified Petition.

**PLEASE TAKE FURTHER NOTICE** that any objection or other response to the Verified Petition must (i) be filed by _____, 2015 to be received on or before 5:00 p.m. (Eastern time) with the Bankruptcy Court with proof of service, (ii) be in writing, (iii) state the name and address of the responding party and nature of the claim or interest of such party; (iv) state with particularity the legal and factual bases of any response; (v) conform to the Bankruptcy Rules and Local Bankruptcy Rules; and (vi) be served on (a) Petitioner's counsel at Reid Collins & Tsai LLP, One Penn Plaza, 49th Floor, New York, NY 10119 (Attention: Angela J. Somers), (b) all parties who have filed notices of appearance in this case, and (c) the United States Trustee, to be received on or before 5:00 p.m. (Eastern time) on March __, 2015.

**PLEASE TAKE FURTHER NOTICE** that in the event any responses or objections are timely filed to the relief requested in the Verified Petition, Petitioner may file a reply to such responses or objections by 5:00 p.m. (Eastern Time) on March __, 2015.

2

EXHIBIT 1 – Form of Notice

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Verified Petition must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Recognition Hearing of the adjourned date or dates or any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that if no response is filed and served as provided above, the Bankruptcy Court may grant the relief requested by Petitioner and enter the Recognition Order without further notice.

Dated: February __, 2015  
      New York, New York

**REID COLLINS & TSAI LLP**

_____  
    Angela J. Somers  
    R. Adam Swick  
    Anne M. Bahr  
    Yonah Jaffe  
    One Penn Plaza, 49th Floor  
    New York, New York 10119  
    (212) 344-5200  
*Counsel to Taro Awataguchi,*  
*Foreign Representative of Tibanne Co.,*  
*Ltd. a/k/a K.K. Tibanne*