UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

TIBANNE CO., LTD., a/k/a K.K. Tibanne,

Debtor in a Foreign Proceeding.

Chapter 15

Case No. 15-10255-reg

**ORDER GRANTING RECOGNITION
OF FOREIGN MAIN PROCEEDING**

Petitioner Taro Awataguchi ("**Petitioner**"), is the foreign representative, as defined in section 101(24) of title 11 of the United States Code (the "**Bankruptcy Code**"), of Tibanne Co., Ltd., a/k/a K.K. Tibanne ("**Tibanne**").  Tibanne is a debtor in a foreign proceeding (the "**Japan Proceeding**"), as defined in Bankruptcy Code section 101(23), that is pending before the Twentieth Civil Division of Tokyo District Court, Japan (the "**Tokyo Court**").  Tibanne having filed (a) the Official Form B1 Chapter 15 petition commencing this Chapter 15 case; (b) the Verified Petition[1] of Foreign Representative along with the exhibits thereto; (c) the Declaration of Taro Awataguchi along with all exhibits thereto; and (d) the Memorandum of Law in Support of Verified Petition (collectively, the "**Chapter 15 Pleadings**"); and the Court having reviewed and considered the Chapter 15 Pleadings; and no objections or other responses having been filed thereto; and due and timely notice of the filing of the Chapter 15 Pleadings having been given; and after due deliberation and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Verified Petition.

1

9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

   B. This Court has jurisdiction over these Chapter 15 cases pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference (Preska, C.J.) dated January 31, 2012.

   C. Venue of these Chapter 15 cases is proper in this judicial district pursuant to 28 U.S.C. § 1410(1) and § 1410(2).

   D. The consideration of the Chapter 15 Pleadings and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

   E. These Chapter 15 cases were properly commenced in compliance with and pursuant to sections 1504, 1515, and 1517 of the Bankruptcy Code.

   F. The Chapter 15 Pleadings meet the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

   G. The Japan Proceeding is entitled to recognition by this Court pursuant to section 1517(a) of the Bankruptcy Code.

   H. The Japan Proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

   I. The Japan Proceeding is pending in Japan, which is the location of Tibanne's "center of main interests," and, as such, the Japan Proceeding is entitled to recognition as a foreign main proceeding pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

   J. Petitioner is a "person" within the definition of section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of Tibanne within the meaning of

section 101(24) of the Bankruptcy Code, and, as such, is entitled to directly petition the Court for recognition of the Japan Proceeding under section 1509 of the Bankruptcy Code.

K.  Petitioner is entitled to all relief provided pursuant to section 1520 of the Bankruptcy Code without limitation.

L.  Petitioner is further entitled to the additional relief as set forth herein under section 1521 of the Bankruptcy Code.

M.  The relief granted hereby is necessary and appropriate to effectuate the purposes of Chapter 15 of the Bankruptcy Code, is in the interests of public policy and international comity, is not manifestly contrary to the public policy of the United States, and is warranted pursuant to section 1520 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Japan Proceeding is granted recognition as a foreign main proceeding, as defined in section 1502(4) of the Bankruptcy Code, pursuant to section 1517 of the Bankruptcy Code.

2.  All effects of recognition of the Japan Proceeding as a foreign main proceeding as set forth in section 1520 of the Bankruptcy Code shall apply.

3.  Petitioner is and shall be recognized as the foreign representative of Tibanne for which he is the appointed bankruptcy trustee in the Japan Proceeding.

4.  Petitioner is authorized to operate Tibanne's business and may exercise the powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code.

5.  The protections of sections 361 and 362 of the Bankruptcy Code shall apply to Tibanne and its assets in the United States.

6. All provisional relief previously granted to Tibanne is hereby extended and shall continue until further order of this Court.

7. The commencement or continuation of an action or proceeding including the Washington Action and the Class Action, concerning Tibanne's assets, rights, obligations, or liabilities is stayed to the extent not stayed under section 1520(a).

8. Any execution by the Washington Action plaintiffs or the Class Action plaintiffs or any other creditor against Tibanne's assets is stayed to the extent not stayed under section 1520(a).

9. Service of this Order shall be given by email or U.S. First Class mail in accordance with Bankruptcy Rules 2002(q) and 7004(a) and (b) to: (i) the Office of the United States Trustee; (ii) Tibanne's known creditors, including but not limited to the Japanese Bankruptcy Trustee and chapter 15 Petitioner for MtGox; (iii) Tibanne's sole shareholder Mark Karpeles, (iv) all parties in the Washington Action, through their counsel; and (v) all parties in the Class Action, through their counsel.

10. Such service shall be good and sufficient service and adequate notice of this Order for all purposes.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to the (i) enforcement, amendment, or modification of this Order, (ii) any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 cases, and (iii) any request by any person or

entity for relief from the provisions of this Order.

Dated: New York, New York
      April 2, 2015                      *s/ Robert E. Gerber*
                                            Honorable Robert E. Gerber
                                            United States Bankruptcy Judge